**Steven SHAPIRO, MD, on behalf of himself and all others similarly situated, Plaintiff–Appellant,**

v.

**RIDDLE & ASSOCIATES, P.C., Defendant–Appellee.**

**Docket No. 03–7209.**

United States Court of Appeals, Second Circuit.

Argued: Dec. 1, 2003.

Decided: Dec. 5, 2003.

Lawrence Katz, Katz & Kleinman PLLC (Abraham Kleinman, of counsel), Uniondale, NY, for Plaintiff–Appellant.

George N. Tompkins, III, Schnader, Harrison, Segal & Lewis LLP (George N. Tompkins, Jr., of counsel), New York, NY, for Defendant–Appellee.

Before: VAN GRAAFEILAND, SACK, and JOHN R. GIBSON,* Circuit Judges.

PER CURIAM.

This appeal concerns a $98 charge as an attorney's fee or a collection cost in a debt-collection letter sent by the defendant Riddle & Associates, P.C., ("Riddle") on behalf of a creditor to the plaintiff Steven Shapiro. Shapiro appeals from the January 17, 2003, judgment of the United States District Court for the Southern District of

---

* The Honorable John R. Gibson, of the United States Court of Appeals for the Eighth Circuit, · sitting by designation.

New York (Lewis A. Kaplan, *Judge*), granting summary judgment to Riddle on Shapiro's claim that Riddle violated the Fair Debt Collection Practices Act ("FDCPA") by including that charge in the letter.

Riddle is a Utah professional corporation engaged in recovering debts on behalf of creditor clients. Before sending out debt-collection letters, Riddle follows its established procedure, comprised of eighteen steps, to ensure that, *inter alia,* (1) an agreement between a debtor and creditor authorizes the debt-collection, (2) Riddle has the requisite and accurate information on a debtor's account, (3) a debtor has no legal defenses, such as bankruptcy, to assert against his or her debt, (4) a debtor's account meets Riddle's criteria, such as minimum balance due and whether partial payment has been made, and (5) a collection letter to the debtor complies with the FDCPA, based upon the determination of Riddle's full-time compliance attorney.

Riddle was retained by one of its clients to recover a $309.76 debt allegedly owed by Shapiro to this client pursuant to an agreement between Shapiro and the client that provided, *inter alia:*

> If we are required to use a collection agency or attorney to collect money that you owe to us . . ., you agree to pay the reasonable cost of collection or other action. These costs might include, but are not limited to, the costs of the collection agency, reasonable attorney fees, and court costs.

On or about April 30, 2001, Riddle sent a debt-collection letter to Shapiro seeking payment. The letter recited the amount of the debt and that an additional $98 was due for "[a]ttorney/[c]ollection [c]osts."

The FDCPA prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is ex- pressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). It also forbids "[t]he false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." *Id.* § 1692e(2).

The principal issues on appeal are whether the $98 charge was expressly allowed by the agreement and, if so, whether the inclusion of the charge in the letter was a false representation because the charge was unreasonable. In a well-reasoned opinion, Judge Kaplan held that Riddle was entitled to summary judgment on Shapiro's claim regarding the $98 charge. *Shapiro v. Riddle & Associates, P.C.,* 240 F.Supp.2d 287, 289–90 (S.D.N.Y. 2003). The district court determined that there was no genuine issue of material fact with regard to this claim because the agreement between Shapiro and the creditor authorized Riddle to charge Shapiro a reasonable fee and because the $98 charge was reasonable in light of "the undisputed evidence" of Riddle's work on Shapiro's letter. *Id.* ("All of this [work] takes time and costs money, as do the insurance premiums that Riddle pays to cover its business and the administrative and technical staffs it employs and the information systems it operates."). We agree with both the district court's conclusion and its reasoning, and we therefore affirm on the opinion of the district court.